Robinson, J.
This order was granted upon the grounds (Code, § 179, subd. 5), that the defendant had removed or disposed of his property, or was about to do so, with intent to defraud his creditors. The affidavit of one of the plaintiffs, upon which it was founded, showed that defendant was a merchant, residing at Merida, Yucatan, but was then temporarily in this city. That two months previously, he was here on his way to Europe, and then promised the plaintiffs, on his return, to call on them in reference to their debt. That he had returned, and was about to leave for Merida; but although he had been in the city several days, he had avoided calling on plaintiffs. That he was a man of.means and property, but had no property which plaintiffs could attach, and (as plaintiffs believe), if he was permitted to depart from this State, the debt would be lost. That as plaintiffs believed, he had ample means in his possession to pay the debt; but “that he is about to leave the State, and remove therefrom with his said property, with intent to defraud these plaintiffs.”
The order of arrest ought only to have been made upon legal evidence tending to convict the defendant of the charge of having removed or disposed of his property, or. that he was about to do so, with intent to defraud his creditors. The affidavit on which this order of arrest was granted, expressly asserted that the defendant had • no property in this State which the plaintiffs could attach. It was only such property as might have been attached that was capable of being removed or disposed of with fraudulent intent. Our attachment law allows the seizure under attachment of all real and personal property “including money and bank notes” (2 Rev. Stat., 4, § 7), but also of all debts, credits and effects of the defendant (Code, § 232). In the affidavit on which this order of arrest was granted, it is distinctly averred, that the defendant *235 had no such property as the plaintiffs could attach; and it is very difficult to conceive wliat could be the character of the property, which it was claimed he had removed or intended to remove with fraudulent intent, by which he was subjected to arrest (Code, 179, subd. 5). There is no specification of any such property, and the general allegation of. the plaintiffs’ belief of defendant’s intent to remove or dispose of any such property, without pointing to the specific property, or circumstances upon which such belief was predicated, is clearly insufficient to uphold an order of arrest. The fact of his having so removed or disposed of his property, or of his intent so to do, must be presented by some evidence tending to that conclusion. It is not sufficient to sustain the order of arrest, that plaintiffs have some vague belief of such fact. The case presented by the affidavit upon which this order of arrest was granted, did not warrant any such order, and it should be vacated, with ten dollars costs of motion.